UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

KELVIN MCDOWELL,

        Plaintiff,

   -against-

Police Officer MICHAEL COSPITO, Shield No. 12069; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

        Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

14 CV 5322

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Kelvin McDowell ("plaintiff" or "Mr. McDowell") is a resident of Queens County in the City and State of New York.

7. Defendant Police Officer Michael Cospito, Shield No. 12069 ("Cospito"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cospito is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 7:00 p.m. on February 12, 2014, Mr. McDowell was lawfully inside of his building at 433 Beach 40th Street in Far Rockaway in Queens, New York.

12. Mr. McDowell, who lives on the 7th floor of the building, was taking the steps downstairs to the lobby because the elevator was running slowly.

13. As Mr. McDowell was walking down the steps, defendants approached him and demanded his identification.

14. Plaintiff complied and provided his identification.

15. Without his permission, defendants began to search his person including putting their hands in his pockets.

16. Defendants recovered lawfully prescribed pain medication inside of Mr. McDowell's pants pocket.

17. Without probable cause or reasonable suspicion, defendants arrested plaintiff for possession of his own medication.

18. Mr. McDowell was eventually taken to the 101st Precinct.

19. At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff in criminal possession of a controlled substance.

20. At no point did the officers observe Mr. McDowell in criminal

possession of a controlled substance.

21. Plaintiff was taken to Queens Central Booking.

22. Mr. McDowell was arraigned in Queens County Criminal Court, where he was released on his own recognizance after approximately twenty-four hours in custody.

23. On April 16, 2014 the charges against Mr. McDowell were dismissed in their entirety.

24. Mr. McDowell suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

38. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   September 11, 2014
         New York, New York

                              HARVIS WRIGHT & FETT LLP

                              _____
                              Baree N. Fett
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              bfett@hwandf.com

                              *Attorneys for plaintiff*